No Summons

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

2007 OCT 24 PM 1:15

JOSHAWA WEBB, on his own behalf )
and on behalf of his minor child, )
KALIB WEBB; as well as LAKISHA WEBB; )
and JUANITA BROOKS )
)
Plaintiffs, )
)
v. )
)
THE UNITED STATES OF AMERICA; )
Drug Enforcement Administration Agents )
LEE LUCAS, ROBERT CROSS, and UNKNOWN )
DEA AGENTS; RICHLAND COUNTY; Richland )
County Sheriff's Officers CHUCK METCALF )
and UNKNOWN RICHLAND COUNTY SHERIFF'S )
OFFICERS; CITY OF MANSFIELD; Mansfield )
Police Officers MATT MAYER, LARRY FAITH )
and UNKNOWN MANSFIELD POLICE OFFICERS; )
Parol Officer DAN GEORGE; and )
JAMAL ANSARI )
)
Defendants. )

**1:07CV3290**

**JUDGE BOYKO**

**MAG. JUDGE BAUGHMAN**

JURY TRIAL DEMANDED

## COMPLAINT

NOW COME Plaintiffs, JOSHAWA WEBB, on his own behalf and on behalf of his minor child, KALIB WEBB; as well as LAKEISHA WEBB; and JUANITA BROOKS, all by their attorneys, LOEVY & LOEVY and complaining of Defendants, THE UNITED STATES OF AMERICA; Drug Enforcement Administration Agents LEE LUCAS, ROBERT CROSS and UNKNOWN DEA AGENTS; RICHLAND COUNTY; Richland County Sheriff's Officers CHUCK METCALF and UNKNOWN RICHLAND COUNTY SHERIFF'S OFFICERS; CITY OF MANSFIELD; Mansfield Police Officers MATT MAYER, LARRY FAITH, and UNKNOWN MANSFIELD POLICE OFFICERS; Parol Officer DAN GEORGE; and JAMAL ANSARI, state as follows:

## Introduction

1. In 2005, Joshawa Webb was charged and indicted with a crime that he did not commit. Mr. Webb spent approximately 20 months in prison awaiting trial in that case.

2. Mr. Webb vehemently and continuously denied he had anything to do with the crime with which he was charged. The charges against Mr. Webb were dropped on the eve of his trial after the Government's only evidence against him was exposed as fabricated.

3. Mr. Webb's arrest, prosecution, and wrongful incarceration were the direct result of misconduct by each of the Defendants in this action. This lawsuit seeks redress for that misconduct.

## Jurisdiction and Venue

4. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

5. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## The Parties

7. Mr. Webb is a 28-year-old resident of Mansfield, Ohio. At the time of his arrest, Mr. Webb lived with his wife and infant son.

8. Lakeisha Webb is Josh Webb's wife. Lakeisha and Josh Webb have been married for over three years, both before and after his wrongful incarceration. While Josh was in jail awaiting trial on the erroneous charges, Lakeisha cared for and raised their son by herself. Lakeisha is employed full-time as a nurse in the area.

9. Kalib Webb is 3 years old. All three Webbs reside together in Mansfield.

10. Juanita Brooks is Josh Webb's mother. Ms. Brooks is a long-time resident of Mansfield.

10. Lee Lucas, Robert Cross, and as-yet unidentified Drug Enforcement Administration ("DEA") agents, are or were agents employed by the DEA of the United State of America. All are sued in both their individual and official capacities.

11. Chuck Metcalf and as-yet unidentified Richland County Sheriff's officers, are or were officers employed by the Sheriff's Office of Richland County. All are sued in both their individual and official capacities.

12. Matt Mayer, Larry Faith, and as-yet unidentified Mansfield Police Officers, are or were officers employed by the

City of Mansfield. All are sued in both their individual and official capacities.

13. Dan George is or was a parol officer in the State of Ohio.

14. Jamal Ansari is or was a police officer in Cleveland, Ohio.

**Factual Allegations**

15. In or about October of 2005, Joshawa Webb was falsely implicated in a drug conspiracy. According to the fabricated charges in Mr. Webb's criminal case, he allegedly sold Defendant Lee Lucas crack cocaine.

16. In reality, Mr. Webb never met Defendant Lee Lucas prior to being charged with this crime. Mr. Webb was not involved in the alleged drug ring for which he was arrested.

17. On November 9, 2007, Lee Lucas, Dan George, and yet-unidentified Defendants kicked in the door of Juanita Brook's home. In an effort to locate Mr. Webb, Defendants Lee Lucas and Dan George attempted to force Mr. Webb's adolescent sister to accompany them.

18. Later on or about November 9, 2007, Lee Lucas, Dan George, and yet-unidentified Defendants forced their way into Mr. Webb's residence with their guns drawn and falsely arrested Mr. Webb. Lakeisha Webb and Kalib Webb, who was 15 months old at the time, were present for these events.

4

19. After arresting Mr. Webb, the Defendants searched the Webb home without lawful justification. The search did not uncover evidence of any crime.

### Mr. Webb's Innocence

20. The evidence in Mr. Webb's criminal case made it patently clear that he was not involved in the alleged drug ring.

21. Among other things, two separate experts determined that an audio recording used by the Defendants to charge, indict, and wrongfully incarcerate Mr. Webb was either tampered with or completely fabricated.

22. In or about May of 2007, Jerrell Bray, the confidential informant used by Lee Lucas to obtain a warrant and indictment in Mr. Webb's case, admitted that the alleged "drug buy" between Mr. Webb and Defendant Lee Lucas never occurred. Mr. Bray also admitted that a drug transaction had been simulated and recorded to make it sound like Mr. Webb was involved in the drug ring.

23. After the experts' findings and Mr. Bray's revelations, there was not a single piece of evidence linking Mr. Webb to the crime with which he was charged.

24. In order to build a false case against him, the Defendants fabricated evidence which falsely implicated Mr. Webb in the drug ring, and destroyed and/or otherwise withheld from the prosecutors and from Mr. Webb evidence which would have

5

helped exonerate him, all in violation of the constitution.

25. In so doing, the Defendants, acting personally, as well by and through conspiracy with others, coached and manipulated witnesses, and then withheld from the prosecutors the details of how they had done so.

26. As described more fully above, Defendants deprived Mr. Webb of due process by manipulating and tampering with an audio recording in an effort to falsely implicate and convcict Mr. Webb.

27. The totality of the Defendants' misconduct during Mr. Webb's arrest and subsequent unlawful imprisonment was so egregiously abusive that it shocks the conscience.

### Plaintiffs' Damages

28. As a result of the aforementioned wrongful conduct, Mr. Webb was wrongfully arrested, indicted, and incarcerated for approximately 20 months.

29. Mr. Webb suffered substantial damages as a result of wrongful arrest and approximately 20 months of wrongful incarceration. These damages include both emotional and economic injuries.

30. Mr. Webb's family members suffered as well. His wife and child were unjustly deprived of his companionship and consortium for nearly two years. Their injuries are both emotional and economic.

helped exonerate him, all in violation of the constitution.

25. In so doing, the Defendants, acting personally, as well by and through conspiracy with others, coached and manipulated witnesses, and then withheld from the prosecutors the details of how they had done so.

26. As described more fully above, Defendants deprived Mr. Webb of due process by manipulating and tampering with an audio recording in an effort to falsely implicate and convcict Mr. Webb.

27. The totality of the Defendants' misconduct during Mr. Webb's arrest and subsequent unlawful imprisonment was so egregiously abusive that it shocks the conscience.

### Plaintiffs' Damages

28. As a result of the aforementioned wrongful conduct, Mr. Webb was wrongfully arrested, indicted, and incarcerated for approximately 20 months.

29. Mr. Webb suffered substantial damages as a result of wrongful arrest and approximately 20 months of wrongful incarceration. These damages include both emotional and economic injuries.

30. Mr. Webb's family members suffered as well. His wife and child were unjustly deprived of his companionship and consortium for nearly two years. Their injuries are both emotional and economic.

## Legal Claims

31. In the manner described more fully above, Defendants violated Mr. Webb's constitutional rights, causing him damage. Among others, Defendants violated Mr. Webb's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

32. Defendants' conduct also constitutes state law malicious prosecution and intentional infliction of emotional distress in that they caused Mr. Webb to be prosecuted for a crime he did not commit, all without probable cause.

33. Defendants Lee Lucas, Robert Cross, and as-yet unidentified DEA agents, acting individually and in concert, improperly subjected Mr. Webb to judicial proceedings for which there was no probable cause and under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of Ohio. These actions were undertaken maliciously, resulting in injury. All proceedings were terminated in Mr. Webb's favor in a manner indicative of innocence.

34. As a direct and proximate result of the above-described conduct, Mr. Webb and his family have suffered actual and special damages including, *inter alia*, extreme emotional distress. Defendant United States of America is liable for these damages pursuant to the Federal Tort Claims Act.

35. Defendants also reached an agreement to deprive Mr. Webb of his constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

36. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

37. Mr. Webb's injuries were proximately caused by policies and practices on the part of Defendants Richland County and the City of Mansfield to pursue wrongful convictions through profoundly flawed investigations. In this way, these Defendants violated Mr. Webb's rights by maintaining policies and practices which were the moving force driving the foregoing constitutional violations.

38. The above-described widespread practices, so well-settled as to constitute *de facto* policy in the Richland County Sheriff's Office and the Mansfield Police Department, and the Drug Enforcement Administration were able to exist and thrive because governmental policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

39. The widespread practices described in the preceding paragraphs were allowed to flourish because Richland

```
```

County and the City of Mansfield declined to implement sufficient training and/or any legitimate mechanisms for oversight or punishment.

40. All of Defendants' interactions with Mr. Webb and the criminal case brought against him were undertaken under color of law, and within the scope of their employment.

41. Because Defendants Chuck Metcalf, as-yet unidentified Richland County Sheriff's officers, Matt Mayer, Larry Faith, and as-yet unidentified Mansfield police officers, Lee Lucas, Robert Cross, as-yet unidentified DEA agents, acted within the scope of their employment, Richland County, the City of Mansfield, and the United States are therefore liable as their employers for any resulting damages and any award of attorneys' fees.

WHEREFORE, Plaintiffs, JOSHAWA WEBB, on his own behalf and on behalf of his minor child, KALIB WEBB; as well as LAKEISHA WEBB; and JUANITA BROOKS, respectfully request that the Court enter judgment in their favor and against Defendants, THE UNITED STATES OF AMERICA; Drug Enforcement Administration Agents LEE LUCAS, ROBERT CROSS and UNKNOWN DEA AGENTS; RICHLAND COUNTY; Richland County Sheriff's Officers CHUCK METCALF and UNKNOWN RICHLAND COUNTY SHERIFF'S OFFICERS; CITY OF MANSFIELD; Mansfield Police Officers MATT MAYER, LARRY FAITH, and UNKNOWN MANSFIELD POLICE OFFICERS; Ohio State Parol Officer DAN GEORGE; and JAMAL

ANSARI, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual Defendants in their individual capacities, as well as any other relief this Court deems appropriate.

### JURY DEMAND

Plaintiffs hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:

*[signature]*
Attorneys for Plaintiff

Michele L. Berry
3834 Hyde Park Ave., Suite 1
Cincinnati, OH 45209

Arthur Loevy
Jon Loevy
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

10