**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSHAWA WEBB, ET AL.,** | ) | **CASE NO.1:07CV3290** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **DRUG ENFORCEMENT** | ) | **ORDER** |
| **ADMINISTRATION (DEA) AGENT** | ) | |
| **LEE LUCAS, ET AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Lee Lucas' Motion for Limited Stay of Proceedings (ECF# 36). For the following reasons, the Court denies Defendant's Motion.

**Background**

The case arises from an Amended Complaint filed by Joshawa Webb alleging constitutional violations stemming from his arrest and incarceration for an alleged drug conspiracy. Plaintiff contends he was innocent and his arrest and incarceration were the result of wrongful acts by Defendants, including Defendant Lee Lucas. Defendant Lucas ("Lucas") is a Drug Enforcement Agent ("DEA") involved in the arrest of Webb.

1

**Bases for the Motion to Stay**

Lucas, with the concurrence of all Defendants, seeks a limited stay because: 1) it is in the interest of judicial economy while the various courts determine motions to consolidate claims of a similar nature against the United States and Lucas filed in multiple courts; 2) Plaintiffs have not exhausted their administrative remedies under the Federal Tort Claims Act ("FTCA"); 3) the Attorney General of the United States is reviewing whether Lucas is entitled to representation by Government counsel; and 4) clarification of the ongoing investigation of Lucas by the Department of Justice.

Prior to the filing of this Motion the United States was dismissed as a defendant, without prejudice, because Plaintiff had not yet exhausted its administrative remedies as required under the FTCA.  Lucas contends that without the United States as a Defendant he will be severely hampered because if the United States decides to defend him, under the FTCA, he may have defenses available that would require his dismissal and substitution of the United States.

As Plaintiff points out, none of the defenses present absolute bars to the litigation.  "A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *Chao v. Fleming*, 498 F. Supp.2d 1034, 1037 (W.D. Mich. 2007).  Nor is there any indication a criminal indictment against Lucas is pending or imminent. "While nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Id.* citing *Landis v. No. Am. Co.,* 299 U.S. 248, 254-55, (1936).

With no definite time table for the government's investigation of Lucas,  nor timetable

2

for determinating whether Lucas is entitled to Government representation, and with the Court having denied the Motion to Transfer the cases to this Court, there is no basis for the stay.

Therefore, the Court denies Defendant's Motion to Stay. The parties shall confer and file with the Court a proposed case management schedule and proposed date for a new case management date no later than two weeks from the filing of this Order.

IT IS SO ORDERED.


September 17, 2008        S/Christopher A. Boyko
Date        CHRISTOPHER A. BOYKO
       United States District Judge