IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSHAWA WEBB, *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 07 C 3290 |
| THE UNITED STATES OF AMERICA, *et al.* | ) ) | Judge Boyko |
| Defendants. | ) ) | |

## **PLAINTIFFS' COMBINED RULE 59(e), 60(b)(1) AND 60(b)(6) MOTION**

Plaintiffs, through their attorneys, LOEVY & LOEVY, in accordance with Federal Rules of Civil Procedure 59 and 60(b), move this Court to vacate its Order of October 19, 2009, granting defendant Lucas' motion for summary judgment and to permit plaintiffs an opportunity to respond to Lucas' motion. In support of this motion, plaintiffs state as follows:

### INTRODUCTION

The Federal Rules provide a safety net so that when a party inadvertently fails to file a timely response to a summary judgment motion, judgment against that party should not stand when the litigation error was due to excusable neglect. This prescript recognizes that whenever possible, adjudication of the issues should be on the merits, not on technicalities or defaults.

Here, plaintiffs' counsel made a mistake: when defendant Lucas' summary judgment motion was filed separately from the other defendants', the responsible attorneys never received notice of that filing due to an administrative error. Immediately upon learning of the lapse (before the Court ruled on the motion), counsel filed a motion asking the Court to consider their previously-filed response to the other defendants' motions for summary judgment in response to

Lucas' motion. The Court, however, categorically denied plaintiffs' request and granted Lucas' motion for summary judgment, pointing out that the prior response did not say that it was in response to Lucas' motion even though the substance of the response was on point. Plaintiffs respectfully ask this Court to reverse its summary judgment ruling and allow them an opportunity to respond to Lucas' motion, so that this case can be adjudicated on the merits.

Importantly, no party would be prejudiced should this Court allow plaintiffs an opportunity to respond to Lucas' motion. Given the procedural posture of this case – the exact issues at the heart of Lucas' summary judgment motion are currently pending before the Sixth Circuit, and Lucas has repeatedly filed motions seeking to prevent this matter from going forward until after his related criminal matters can be resolved – neither defendants nor the proceedings would be prejudiced by allowing plaintiffs' tardy response to Lucas' motion for summary judgment.

Furthermore, just two days after Lucas filed his motion for summary judgment, Plaintiffs responded to the similar motion of the other Defendants. (Doc. No. 71). The Court is well aware from plaintiffs' response to the other defendants' motions for summary judgment that plaintiffs have affidavits and evidence responsive to Lucas' assertion of qualified immunity. Lucas also faces an eighteen count indictment alleging his participation in the Mansfield frame-up conspiracy, which encompasses the same conduct identified by Plaintiffs in their Complaint. By not allowing plaintiffs' response, the Court prevents the evaluation of the evidence warranted on summary judgment. The interests of justice are best served if plaintiffs are permitted an opportunity to respond to Lucas' motion for summary judgment.

# ARGUMENT

## Plaintiffs Should be Given an Opportunity to Respond to Lucas' Motion for Summary Judgment Before the Motion is Adjudicated on the Merits.

Federal Rule 60(b)(1) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). A Rule 60(b)(1) motion is intended to provide relief to a party "when the party has made an excusable litigation mistake." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). Excusable neglect is an equitable principle – in determining whether a party should be granted a reprieve, a court should consider: (1) all relevant circumstances surrounding the party's omission; (2) the danger of prejudice to other parties; (3) the length of the delay and its potential impact on judicial proceedings; and (4) the reason for the delay. *Spitzer Great Lakes Ltd., Co. v. United States E.P.A.*, 173 F.3d 412, 416 (6th Cir. 1999), *quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Courts should apply Rule 60(b)(1) "equitably and liberally . . . to achieve substantial justice." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006).

Excusable neglect is understood as "a reprieve to out-of-time filings that were delayed by 'neglect,'" which is defined as a filing left "undone or unattended to *esp[ecially] through carelessness*." *Pioneer*, 507 U.S. at 388 (emphasis in original). The Sixth Circuit has explained that excusable neglect "encompasses both simple, faultless omissions to act and omissions caused by carelessness." *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996); *see also Pioneer*, 507 U.S. at 388. In that context, "[c]ulpability is 'framed' by the specific language of the rule;

3

*i.e.*, a party demonstrates a lack of culpability by demonstrating 'mistake, inadvertence, surprise, or excusable neglect.'" *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003), *quoting Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992). Thus, careless conduct is not culpable; rather culpable conduct "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Williams*, 346 F.3d at 613. Adherence to this liberal standard is particularly important so that courts may avoid dismissing a case and depriving a client of his day in court "merely to discipline an errant attorney." *Id.* (citations omitted).

Here, as detailed below, relief is warranted because plaintiffs' counsel, acting in good faith, made an excusable litigation error. Allowing plaintiffs to remedy that lapse would cause only a brief delay in this matter that, given the procedural posture of this case, would not prejudice any party or negatively impact the litigation.

### A. The Circumstances Surrounding the Omission, the Reason for the Delay, and Plaintiffs' Prompt Effort to Remedy the Lapse All Support a Finding of Excusable Neglect.

Plaintiffs' failure to file a response to Lucas' motion for summary judgment was a classic mistake – the attorneys responsible for this case never received a copy of the motion. *See* Exhibit A. When Lucas filed his motion, the attorneys responsible for this matter had not yet been admitted to practice in the Northern District of Ohio (though they had completed all the necessary requirements for admission). Because of this status, the responsible attorneys did not receive a copy the e-filing directly; and, due to an administrative error, the paralegal responsible never notified the attorneys of the Lucas filing. Lucas' motion was filed after the other defendants had already moved for summary judgment based qualified immunity, so it was not unearthed when the

4

attorneys filed their response to the other defendants' motions that were premised on the same grounds. There was no bad faith or ill-intent on counsels' part, and certainly nothing about the circumstances demonstrates an effort to "thwart judicial proceedings or a reckless disregard for the effect of [counsels'] conduct on [these] proceedings." *Williams*, 346 F.3d at 613. Instead, this was just a quintessential inadvertent oversight.

Counsels' first inkling that Lucas had filed a separate motion for summary judgment that plaintiffs had failed to respond to came when the Court ruled on plaintiffs' motion to amend their Rule 56(f) affidavit and in that ruling mentioned plaintiffs' failure to respond to Lucas' motion for summary judgment.[1] Upon learning of this lapse, plaintiffs immediately moved to remedy their failure to respond. (Doc. 90, 92).[2] Plaintiffs' motion, filed before the Court ruled on the summary judgment motion, explained that their failure to file a response to Lucas' motion was inadvertent. In that motion, plaintiffs sought to incorporate their previously-filed summary judgment response to the other defendants' motions as a response to Lucas' motion.

These circumstances support a finding of excusable neglect. Counsels' lapse was not due to bad faith, counsel promptly sought to remedy the error, and the situation falls squarely within

---

[1] Plaintiffs' counsel represents several different plaintiffs in suits with substantially identical allegations against these same defendants. Counsel has timely responded to eighteen separate, similar summary judgment motions related to whether these same defendants can assert qualified immunity, and counsel has never failed to respond to such a motion. *See Jason Westerfield v. United States of America, et al.*, 07 C 3518, Doc. Nos. 63-67; *Danny Brown v. United States of America, et al.*, 07 C 3750, Doc. Nos. 62, 63, 64, 70; *Joshawa Webb, et al. v. United States of America*, 07 C 3290, Doc. No. 69. Had counsel received Lucas' motion, a timely response would have been filed.

[2] The docket report lists this Court's ruling and plaintiffs' motion as having been filed on the same day, but counsel believes that is an error and that the motion was actually filed the following day.

those envisioned by Rule 60(b)(1). *See, e.g., Williams*, 346 F.3d at 613 ("The record establishes that in failing to timely file neither Williams nor his counsel engaged in any culpable conduct").

> **B.  No Party Would Be Prejudiced, Nor Would These Proceedings Be Negatively Impacted, Should this Court Allow Plaintiffs An Opportunity to Respond to Lucas' Motion for Summary Judgment.**

The very arguments presented in Lucas' motion for summary judgment are currently pending before the Sixth Circuit Court of Appeals in two cases involving other Mansfield citizens accusing the same set of defendants of framing them in the same conspiracy that led to Webb's false charges. *Brown v. United States*, Case Nos. 08-4629, 08-4632, 09-3082 and *Westerfield v. United States*, Case No. 08-4458. In *Brown*, the trial court agreed with the plaintiff that discovery was proper before deciding on qualified immunity, but the trial court in *Westerfield* decided otherwise. Additionally, the appeals address the sufficiency of substantially similar complaints (in that the complaints in those two cases, like the one here, do not state which specific defendant took what culpable action). Those two appeals are fully briefed and awaiting oral argument.

Thus, regardless of the outcome of Lucas' summary judgment motion, this case will inevitably be delayed until the *Brown* and *Westerfield* appeals can be resolved and the Sixth Circuit can decide the issues presented in Lucas' motion. If this Court decides to allow plaintiffs an opportunity to respond to Lucas' summary judgment motion and reconsiders the motion in light of that response, the losing party will no doubt appeal the loss here, as each did in the earlier cases and as plaintiffs did here when this Court granted the other defendants' motions for summary judgment. Because resolution of this matter will be postponed until the Sixth Circuit can rule, Lucas and the other defendants would not be prejudiced by the delay of allowing plaintiffs' tardy response to his motion. Instead, quite the contrary – Lucas has been asking for a

stay of this matter until his own criminal charges relating to his involvement can be resolved. *See* Doc. Nos. 36, 57. He is in no hurry to adjudicate this matter, and there would be no prejudice in allowing plaintiffs an opportunity to respond.

At a minimum, if this Court will not allow plaintiffs an opportunity to respond, plaintiffs ask that this Court consider their previously-filed response to the other defendants' summary judgment motion as a response to Lucas' motion. Applying that response to Lucas' motion would not prejudice any party because all of the evidence and arguments presented in the response have already been presented to this Court. This is not a situation where any party would be blind-sided by new evidence or arguments. There is simply no reason for this Court to refuse to consider all of the available evidence.

In short, Rule 60(b)(1) recognizes that mistakes do sometimes happen. Here, there was no bad faith, plaintiffs moved immediately to remedy their error, no party would be prejudiced by allowing plaintiffs a brief period to respond to Lucas' motion, and the procedural status of this case would not be negatively impacted by granting plaintiffs time to respond to Lucas' motion.

### C. Cases Should Be Decided on the Merits

Refusing to permit plaintiffs an opportunity to respond to Lucas' motion for summary judgment would ignore the clear edict of the Sixth Circuit that cases should be decided on the evidence and the merits, rather than strict adherence to the technical rules. *See, e.g., United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 518 (6th Cir. 2007), *citing Forman v. Davis*, 371 U.S. 178, 181 (1962) (allowing "decisions on the merits to be avoided on the basis of . . . mere technicalities" is "contrary to the spirit of the Federal Rules of Civil Procedure"); *Owens v. Keeling*, 461 F.3d 763, 775 (6th Cir. 2006) (according to precedent, "the

requirements of the rules of procedure should be liberally construed and . . . 'mere technicalities' should not stand in the way of consideration of a case on its merits.") (citations omitted); *Chase v. Matsu Mfg., Inc.*, 147 Fed.Appx. 507, 515, 2005 WL 1916969, *7 (6th Cir. 2005) ("When considering a motion to amend, a court should be guided by the underlying purpose of allowing amendments to facilitate a decision on the merits, rather than a decision based on procedural technicalities.") (citations omitted).

Although allowing plaintiffs additional time to respond to Lucas' summary judgment motion (or allowing plaintiffs' previously filed response to the other defendants' motions to stand as a response to Lucas' motion) would require an exception to the time constraints imposed by Local Civil Rule 7.1(d), given the procedural posture of this case, no party would be prejudiced by such an exception, so blind adherence to that technicality is not warranted. As explained above, this matter will be appealed regardless of the outcome of Lucas' motion, and the issues in this case will be resolved when the Sixth Circuit rules in the *Brown* and *Westerfield* cases. Allowing plaintiffs to create a proper appeal record here ensures that this case can be decided on the merits and not decided based on plaintiffs' litigation error.

### D. Plaintiffs Have Responsive Evidence in Opposition to Lucas' Motion, Warranting an Adjudication on the Merits.

In plaintiffs' timely amended response to the other defendants' motions for summary judgment (Doc. 71) – filed shortly after Lucas' own summary judgment motion – plaintiffs attached a whole host of responsive evidence suggesting Lucas' involvement in falsely framing Joshawa Webb for a crime that he did not commit. That evidence underscores the error that occurs by not permitting plaintiffs an opportunity to respond to Lucas' motion.

For instance, plaintiffs' response attaches Exhibit C, an affidavit from Jeremiah Conrad admitting that he was the stand-in drug dealer used to impersonate Webb in order to falsely implicate him. (Doc. 71, Exhibit C). The response also attaches an affidavit from LaTonya Bray (Doc. 71, Exhibit D), stating that she heard Jerrell Bray admit that he conspired with Lucas to frame innocent people for drug crimes they did not commit. In Exhibit E, Lucas himself admits to the district court in another case that if he were forced to answer questions about his role in the framing of innocent Mansfield citizens for drug crimes that they did not commit, he would need to invoke his Fifth Amendment rights so as to not incriminate himself. (Doc. 71, Exhibit E). In his own affidavit, Joshawa Webb details Lucas' involvement – Webb was arrested and charged for allegedly selling drugs to Lucas when, in fact, Webb did not do so. (Doc. 71, Exhibit G). And, the amended summary judgment response attaches a Drug Enforcement Agency's "Report of Investigation," dated October 14, 2005, detailing some of the surveillance done in the criminal investigation of Joshawa Webb, and outlining Lucas' involvement with certain portions of the bogus investigation. (Doc. 71, Exhibit H).

In addition to all of that evidence, the plaintiffs' previously-filed response to the other defendants' summary judgment motion attaches a Rule 56(f) affidavit from plaintiffs' counsel that is applicable here. (Doc. 71, Exhibit F). That affidavit details all of the types of evidence plaintiffs expect to uncover should they be permitted some basic discovery in this case, including: doctored audiotapes and videotapes of the false drug buy; deposition testimony from the so-called snitch Jerrell Bray and the stand-in Jeremiah Conrad, detailing their conspiracy with defendants; and deposition testimony from Lucas in which he invokes his Fifth Amendment rights (as he stated he would). In accordance with Rule 56(f), the affidavit explains both why that evidence

9

was not previously discovered and why counsel believes the evidence would be forthcoming, should discovery ever go forward.

Furthermore, Lucas presently faces an eighteen count indictment alleging his participation in the frame-up conspiracy. Count 5 of that indictment specifically alleges that Lucas knowingly put false information in his DEA report regarding drugs purportedly purchased from Joshawa Webb. That criminal matter likely will provide a wealth of information and a responsive Rule 56(f) affidavit could incorporate the likelihood of discovery revealing that information.

Plaintiffs urge the Court to reverse its grant of summary judgment and allow them an opportunity to respond to summary judgment. Alternatively, at a minimum, plaintiffs ask the Court to reconsider Lucas' motion in light of all of the evidence presented in plaintiffs' response to the other defendants' motions. These remedies are the only way to ensure that the summary judgment ruling is based on the evidence and the merits of this case, rather than on a technical default. Furthermore, permitting plaintiffs' response would allow for the creation of a proper record for appeal, which is especially important given the procedural posture of this case.

## Conclusion

Ideally, plaintiffs ask the Court to vacate its summary judgment ruling and allow them a short period of time to respond specifically to Lucas' motion. This would be the best way to ensure that all arguments are addressed and that the case is resolved on the merits. Alternatively, plaintiffs ask that this Court vacate its summary judgment ruling and grant plaintiffs' motion to incorporate their response to the other defendants' motions for summary judgment as their response to Lucas' motion. Either way, allowing a response would not prejudice any party, would allow for the creation of a proper record for appeal, and, most importantly, would afford an

opportunity for adjudicating defendant's motion on the merits.

WHEREFORE, plaintiffs respectfully ask this Court to vacate its Order of October 19, 2009, granting defendant Lucas summary judgment; and to either permit plaintiffs a short period of time to respond to Lucas' motion directly or to incorporate plaintiffs' amended response to the other defendants' motion for summary judgment (Doc. No. 71) as a response to Lucas' motion.

Respectfully submitted,

S/ Mark Loevy-Reyes

Jon Loevy
Mark Loevy-Reyes
Attorneys for Plaintiff
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
loevyreyes@aol.com

## CERTIFICATE OF SERVICE

I, Mark Loevy-Reyes, an attorney, certify that on October 26, 2009, I served this document by ECF electronic filing as to each party who is represented by counsel who uses electronic filing.

S/ Mark Loevy-Reyes