IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSHAWA WEBB, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 07 C 3290 |
| | ) | |
| THE UNITED STATES OF AMERICA, *et al.* | ) | Judge Boyko |
| | ) | |
| Defendants. | ) | |

## **PLAINTIFFS' RULE 60(b)(6) MOTION FOR RELIEF FROM JUDGMENT**

Plaintiffs, through their attorneys, LOEVY & LOEVY, under Federal Rule of Civil Procedure 60(b)(6), seek relief from this Court's summary judgment ruling as follows:

1. This Court granted pre-discovery summary judgment motions based on assertions of qualified immunity by defendants George, Faith, Metcalf, Mayer, Ansari, and Cross. (Doc. Nos. 89, 93).

2. In response to the summary judgment motions, plaintiffs filed a Rule 56(f) affidavit and contended that they were unable to respond to summary judgment without an opportunity for discovery on the issue of qualified immunity. (Doc. No. 71-7). In granting summary judgment, however, the Court held that the Rule 56(f) affidavit was insufficient to warrant discovery.

3. The Sixth Circuit has just considered a substantially identical Rule 56(f) affidavit filed in response to the same summary judgment motions, filed by the same defendants, in the case of another plaintiff alleging to be a victim of the same conspiracy that ensnared Mr. Webb in this case. The Court deemed the affidavit sufficient to warrant discovery before

adjudication of summary judgment. *See Westerfield v. United States, et al.*, Case No. 08-4458, Doc. 00619282640 (6th Cir. 02/24/2010) (attached hereto as Exhibit A).

4. In the case of *Westerfield v. United States, et al.*, Case 1:07-cv-03518, the plaintiff alleges that he is victim of the same frame-up conspiracy as plaintiff Joshawa Webb in this case. With the exception of defendant Dan George, the exact same defendants were sued in *Westerfield* as were sued in this case. *See Westerfield*, Doc. No. 1. As in this case, before any discovery could be completed, the defendants in *Westerfield* filed motions for summary judgment claiming that they were entitled to qualified immunity. Those motions are substantially identical to the motions the same defendants filed in this case. *See Westerfield*, Doc. Nos. 51-55.

5. In response to those motions for summary judgment, counsel for Westerfield (who is also counsel for plaintiffs here) filed a Rule 56(f) affidavit seeking an opportunity to conduct discovery before responding to defendants' claims of qualified immunity. (A copy of the affidavit filed in *Westerfield* is attached hereto as Exhibit B). The supplemental Rule 56(f) affidavit filed in *Westerfield* is identical to the affidavit filed in this case in every respect except for two differences: (1) the discussion of each case's procedural background differs; and (2) the affidavit in this case adds one paragraph (subparagraph 6(l)) that was not included in the *Westerfield* affidavit.

6. The Sixth Circuit considered the sufficiency of the Rule 56(f) affidavit filed in *Westerfield* and held that the district court abused its discretion in denying an opportunity for discovery based on the affidavit. Specifically, in *Westerfield* the court held that "the amended affidavit complies with the spirt of Rule 56(f): it states with particularity why an

opportunity to conduct discovery is crucial by detailing what discovery plaintiff would seek, what it might uncover, and how it would affect her ability to prove her client's allegations." *Id.* at 10. The Court further explained that "denying *any* discovery in this case, when it appears from the amended affidavit that the allegations in the complaint – at least with respect to some defendants – are anything but frivolous, would work a manifest injustice on plaintiff." *Id*. at 10 (emphasis in original). The Court concluded that granting summary judgment without allowing any discovery on the issue of qualified immunity amounted to an abuse of discretion. *Id*. at 11.

7. Because there is no substantive difference between the affidavit considered in *Westerfield* and the affidavit considered in this case, the Sixth Circuit's decision that the affidavit is sufficient to warrant discovery before adjudication of summary judgment should control here. Accordingly, plaintiffs seek relief from the adverse summary judgment rulings entered against them.

**WHEREFORE**, plaintiffs respectfully ask the Court to afford relief from its summary judgment ruling, reverse summary judgment, and reinstate this case so that discovery may begin.

Respectfully submitted,

S/ Mark Loevy-Reyes
Jon Loevy
Mark Loevy-Reyes
Attorneys for Plaintiff
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
loevyreyes@aol.com

## **CERTIFICATE OF SERVICE**

      I, Mark Loevy-Reyes, an attorney, certify that on March 1, 2010, I served this document by ECF electronic filing as to each party who is represented by counsel who uses electronic filing.


                                S/ Mark Loevy-Reyes