UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| JOSHAWA WEBB, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:07-cv-03290 |
| | ) | |
| v. | ) | Judge Christopher Boyko |
| | ) | |
| LEE LUCAS, *et al*. | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO CITE ADDITIONAL EVIDENCE IN OPPOSITION TO DEFENDANT LUCAS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' RULE 60(b)(2) MOTION FOR RELIEF FROM JUDGMENT**

Plaintiff, Joshawa Webb, by and through his attorneys Loevy & Loevy, moves the Court to consider as additional evidence in support of his Rule 60(b)(2) motion for relief from judgment and in opposition to defendant Lucas' motion for summary judgment the attached document, the Government's Response to Petitioner's Motion to Vacate Conviction and Sentencing Pursuant to 18 U.S.C. § 2255, filed on December 3, 2010, in *Westerfield v. United States*, 1:05-cr-537-02 (Doc. No. 981). In support of this motion, plaintiff states as follows:

**Argument**

In the present case, defendant Lucas' motion for summary judgment has been fully briefed and is awaiting adjudication, and plaintiff's Rule 60(b)(2) motion for relief from summary judgment, which was granted to the other defendants, is pending as well. One of plaintiff's theories, both in opposition to summary judgment and in support of the Rule 60(b)(2) motion, is that in the criminal case against plaintiff, the defendants withheld exonerating information about their own wrongdoing, and that the withheld evidence was material to the case

against plaintiff.

In the attached pleading, the United States admits to facilitating precisely that conduct. Specifically, the United States concedes that its prosecutors committed a *Brady* violation by failing to disclose Mansfield Police Officer Charles Metcalf's perjury to a criminal defendant who, like plaintiff here, had allegations against him that relied on Metcalf's testimony. Moreover, the United States concedes that this was a material omission undermining the fundamental trial rights of the victim.

In the attached Response, the government states, "The government acknowledges that Detective Charles Metcalf, unbeknownst to the government [prosecutors] at the time, lied during the Nabors trial in which he testified and in which Westerfield was a co-defendant.  Further, the government acknowledges that Metcalf did not disclose his false testimony to either the prosecution or the defense.  After Metcalf's perjury was discovered, he was prosecuted by the United States Attorney's Office, pleaded guilty to committing perjury during his testimony in the Nabors trial and was sentenced.  Metcalf, therefore, is a convicted perjurer." *Id*. at 4.

The government's pleading continues by acknowledging the resulting *Brady* violation: "Metcalf's failure to disclose his false testimony as a member of the prosecution team prevented Westerfield from impeaching his testimony with that perjury," and thus, the government concedes Westerfield is entitled to a new trial. *Id*. at 4.  The government further concedes the materiality of its omission: "Given that Metcalf, clearly a member of the prosecution team here, did not disclose his false testimony to the prosecution or the defense during the Nabors trial, the government concedes that it failed to disclose material impeaching information to the defense." *Id*. at 4.  The government states that because it "declines to call a convicted perjurer to the stand

to testify at a retrial" it seeks dismissal of the criminal case against Mr. Westerfield. *Id*. at 5.

These party admissions by the government are directly relevant to the allegations in this case regarding the *Brady* violations committed in this case. In this case, as in *Westerfield*, the prosecution involved defendant Metcalf, yet his perjury was not disclosed. Instead, the prosecution affirmatively misled the plaintiff by falsely informing him that no exonerating material existed. Plaintiff therefore asks the Court to consider the attached pleading as further evidence in support of plaintiff's opposition to summary judgment.

WHEREFORE, plaintiff respectfully asks the Court to consider the Government's Response to Petitioner's Motion to Vacate Conviction and Sentencing Pursuant to 18 U.S.C. § 2255, filed on December 3, 2010, in *Westerfield v. United States*, 1:05-cr-537-02 (Doc. No. 981), as additional evidence in opposition to summary judgment and in support of his Rule 60(b)(2) motion.

                                    RESPECTFULLY SUBMITTED,

                                    /s/ Debra Loevy-Reyes
                                    Attorneys for Plaintiff

Jon Loevy
Debra Loevy-Reyes
LOEVY & LOEVY
312 North May, Suite 100
Chicago, IL 60607
(312) 243-5900

3

## **CERTIFICATE OF SERVICE**

        I hereby certify that on December 7, 2010, I filed electronically a copy of the foregoing plaintiff's motion to cite additional evidence in opposition to summary judgment.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Any other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

        s/ Debra Loevy-Reyes
Debra Loevy-Reyes
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
Ph. – 312-243-5900
Fx. – 312-243-5902
loevy@loevylaw.com