UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHAWA WEBB, et al. | : | Case No. 1:07CV3290 |
| | : | |
| Plaintiffs, | : | Judge Christopher A. Boyko |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OF DEFENDANT** |
| LEE LUCAS, et al. | : | **DEA SPECIAL AGENT ROBERT CROSS** |
| | : | **IN OPPOSITION TO THE LIST OF** |
| Defendants. | : | **DISCOVERY SOUGHT BY PLAINTIFF** |
| | : | **REGARDING QUALIFIED IMMUNITY** |
| | : | |

___

Defendant DEA Special Agent Robert Cross respectfully submits this memorandum in opposition to the List of Discovery Sought by Plaintiff Regarding Qualified Immunity.

A.  Introduction

Plaintiff Webb requests a total of 35 hours of deposition testimony from five deponents, including seven hours of deposition testimony from Defendant Cross, concerning a drug transaction that took less than five minutes to complete and the investigation of which was specifically charged in the Lucas criminal indictment and was fully examined at the Lucas criminal trial through the testimony of all the participants.

For the following reasons, Plaintiff Webb's request for deposition discovery from Defendant Cross should be denied in its entirety and written discovery, in the form of a limited number of interrogatories addressed solely to the Webb drug transaction, should be permitted:

(1)     Plaintiff Webb understates the voluminous and extensive amount of evidence that already has been provided to him concerning the Mansfield criminal drug investigations and

prosecutions in general and his own criminal drug investigation and prosecution in particular, including the limited role of Defendant Cross in his criminal drug investigation and prosecution;

(2) Plaintiff Webb seeks discovery beyond what the Court has determined in the Opinion and Order of December 9, 2011 to be the proper scope of this lawsuit - the Webb drug transaction, not any of the other Mansfield drug transactions; and

(3) Plaintiff Webb's request for deposition discovery from Defendant Cross is based upon a misunderstanding of both Defendant Cross' testimony at the Lucas criminal trial and the evidence already provided to him concerning Defendant Cross' limited role in the Webb investigation.

B.  Plaintiff Webb Has Been Provided An Extensive Amount of Evidence Beyond That Which Is Usually Available To A Plaintiff Prior To A Qualified Immunity Determination.

Plaintiff Webb already has been provided a substantial amount of evidence concerning the Mansfield criminal drug investigations and prosecutions in general and his own criminal drug investigation and prosecution, including the limited role of Defendant Cross in his criminal drug investigation and prosecution.

First, Plaintiff Webb has the approximately 4,000 pages of transcript from the Lucas criminal trial. Significantly, the Webb drug transaction of October 14, 2005 was specifically charged in Count Five of the Lucas criminal indictment and was fully vetted at the Lucas criminal trial. In this regard, every person relevant to the Webb drug transaction, investigation and prosecution testified at the Lucas criminal trial. These include: (1) Plaintiff Webb (2) Jeremiah Conrad - the purported stand-in (3) Jerrell Bray - the confidential informant (4) DEA Special Agent Lee Lucas - the lead DEA investigator who acted undercover during the drug

2

transaction and (5) the other law enforcement officers who participated in the Webb investigation - DEA Special Agent Cross, DEA Task Force Officer Verhiley and Richland County officers Mayer, Metcalf and Faith.

Second, Plaintiff Webb has been provided all of the trial exhibits (approximately 22,000 page of documentary evidence) entered into evidence at the Lucas criminal trial. The documentary evidence includes internal files of the United States Attorney's Office for the Northern District of Ohio, internal files of the DEA and internal files of the Richland County Sheriff's Office. These files include the following categories of evidence: (1) all investigative reports of all the Mansfield drug transactions, including the Webb drug transaction (2) all of the proffers of the Mansfield drug defendants (3) statements of Jerrell Bray relating to the Mansfield drug transactions, including the Webb drug transaction (4) all audio and video recordings of the Mansfield drug transactions, including the Webb drug transaction, and complete transcripts of the recordings and (5) all of the expert reports concerning the purportedly altered digital recording of the Webb drug transaction.

Third, Plaintiff Webb has available all of the transcripts and exhibits from the federal criminal trials that resulted from the Mansfield drug transactions and investigations - the Westerfield, Ballard, Nabors, Parker, Ward and France criminal trials.

Both Judge Gaughan and Judge Oliver referenced the above evidence in their post-remand discovery rulings in <u>Westerfield</u> and <u>Danny Lee Brown</u>. Each noted that such evidence was " . . . beyond what is usually available to a plaintiff prior to a determination on qualified immunity." Due to the disclosure of this substantial array of evidence to Westerfield and Danny Lee Brown, both Judge Gaughan and Judge Oliver limited qualified immunity discovery to 20

written interrogatories to each of the six law enforcement defendants, including Defendant Cross, in each lawsuit and the deposition of Jamaal Ansari, the only law enforcement defendant in each lawsuit who did not testify at the Lucas criminal trial.

Plaintiff Webb attempts to distinguish the limited qualified immunity discovery orders issued in Westerfield and Danny Lee Brown on the basis of " . . . the much more limited record" available to the plaintiffs in those lawsuits than available to him in the present lawsuit.  The contention that the availability of a limited factual record to a Bivens plaintiff permits only limited qualified immunity discovery while the availability of a more expansive factual record to a Bivens plaintiff permits more expansive qualified immunity discovery contravenes common sense.  Quite simply, if a Bivens plaintiff has a more complete and exhaustive factual record available to him, as Webb in the present lawsuit, he needs much less discovery in order to address a qualified immunity motion.

Thus, due to the extensive amount of evidence already provided to Plaintiff Webb with respect to both the Mansfield drug transactions, investigations and prosecutions in general and his own drug transaction, investigation and prosecution in particular, including the limited role of Defendant Cross in his investigation and prosecution, this Court, consistent with the qualified immunity discovery decisions of Judge Gaughan in Westerfield and Judge Oliver in Danny Lee Brown, should limit Plaintiff Webb's qualified immunity discovery from Defendant Cross in this lawsuit to a limited number of written interrogatories concerning the Webb drug transaction.

C. In Conformity With This Court's Opinion and Order of December 9, 2011 Dismissing Plaintiff Webb's Conspiracy Claim, All Of Plaintiff Webb's Discovery Herein Must Be Directed Solely To The Webb Drug Transaction, Investigation and Prosecution.

Plaintiff Webb seeks to depose Defendant Cross about the other Mansfield drug

transactions involving the other Mansfield criminal defendants in an attempt to demonstrate that Defendant Cross engaged in a generalized conspiracy with the other law enforcement defendants, and with Jerrell Bray, to hide exculpatory evidence relating to the other Mansfield criminal defendants, thus somehow violating Plaintiff Webb's constitutional rights.

However, this Court in its Opinion and Order of December 9, 2011 dismissed Plaintiff Webb's conspiracy count because it " . . . wholly fails to state a claim as a matter of law." As a result, Plaintiff Webb is precluded from obtaining discovery at this time from Defendant Cross, or the other law enforcement defendants, with respect to the other Mansfield drug transactions, investigations or prosecutions. Instead, all of Plaintiff Webb's discovery efforts must be directed solely to his own drug transaction, investigation and prosecution.

D. Plaintiff Webb's Request For Deposition Discovery From Defendant Cross Is Based Upon A Misunderstanding Of Both Defendant Cross' Testimony At The Lucas Criminal Trial And The Evidence Provided To Him Concerning Defendant Cross' Limited Actions In The Webb Investigation And Prosecution.

Defendant Cross' role in the Webb drug investigation and prosecution was limited to the following:

(1) he was present with other law enforcement officers at the Richland County Sheriff's Office on October 14, 2005 to make arrangements to coordinate a controlled purchase of two and one half ounces of crack cocaine from Joshawa Webb;

(2) he was present with other law enforcement officers at the Richland County Sheriff's Office on October 14, 2005 at approximately 3:50 p.m. during a telephone conversation between DEA S/A Lucas, Jerrell Bray and an individual identified by Jerrell Bray as Joshawa Webb in which the terms and logistics of the sale of crack cocaine by Joshawa Webb to DEA S/A Lucas were agreed upon;

(3) he was in surveillance vehicle with another law enforcement officer on October 14, 2005 at approximately 4:30 p.m. during DEA S/A

          Lucas' purchase of crack cocaine from an individual identified by Jerrell Bray as Joshawa Webb inside an automobile parked at a gas station located at Fifth Street in Mansfield, Ohio, but he was not in a position to observe the purchase;

(4)    he was present with other law enforcement officers during the debriefing of Jerrell Bray shortly after DEA S/A Lucas' purchase of crack cocaine on October 14, 2005 from a person identified by Jerrell Bray as Joshawa Webb, but he did not conduct, direct or control the debriefing;

(5)    he and DEA S/A Lucas maintained custody of the crack cocaine that had been purchased by DEA S/A Lucas on October 14, 2005 from a person identified by Jerrell Bray as Joshawa Webb until it was submitted to the North Central Lab for analysis and safekeeping;

(6)    he and DEA S/A Lucas took custody on October 14, 2005 of a compact disc, made by Detective Metcalf of the Richland County Sheriff's Office, containing an original copy of a digital recording made of a telephone call between Jerrell Bray and a person identified by Jerrell Bray as Joshawa Webb on October 13, 2005, and they maintained custody of the compact disc until it was submitted to the DEA Cleveland Resident Office Non-Drug Evidence Custodian for storage and safekeeping;

(7)    he took custody on October 124, 2005 of a compact disc, made by Detective Metcalf of the Richland County Sheriff's Office, containing an original copy of a digital recording made of the purchase on October 14, 2005 of crack cocaine by DEA S/A Lucas from a individual identified by Jerrell Bray as Joshawa Webb and maintained custody of the compact disc until it was submitted to the DEA Cleveland Resident Office Non-Drug Evidence Custodian for storage and safekeeping; and

(8)    he attended meetings on June 21, 2006 and December 21, 2006 at which proffers of evidence were made with respect to Joshawa Webb and others, which meetings he did not conduct, direct or control, and prepared written reports of the meetings for the official records of the DEA.

    Notwithstanding Cross' limited role in the Webb investigation and prosecution, Plaintiff Webb intends to specifically inquire about the following during his proposed seven hour

6

deposition of Defendant Cross: (1) a purported violation of DEA controlled buy procedures in the Webb drug buy (2) Cross' role in the drafting of the purportedly false DEA-6 report of the Webb drug buy (3) Cross' role in the purported tampering of the digital recording of the Webb drug buy (4) Cross' knowledge of the unreliability of Jerrell Bray and (5) Cross' purported review of the toll records concerning the October 13, 2005 telephone call between Jerrell Bray and the individual Jerrell Bray identified as Joshawa Webb.

Webb's request for deposition testimony in the five areas is based upon a misunderstanding of Cross' testimony at the Lucas criminal trial and the evidence already provided to him concerning Cross' limited role in the Webb drug investigation and prosecution.

(1) DEA Controlled Buy Procedure

Plaintiff Webb asserts that Defendant Cross admitted during his testimony at the Lucas criminal trial that the Webb drug buy violated DEA procedures. This is a misinterpretation of Defendant Cross' testimony. During his testimony at the Lucas criminal trial, Defendant Cross stated in response to the Prosecutor's question as to whether the manner in which the Webb deal was conducted violated DEA procedures that "it was not the way a standard deal would go, yes". (Exhibit 1). This was not a statement that the Webb deal violated DEA procedures. Indeed, because the Webb deal was not a controlled purchase of drugs by an informant, but rather a face to face purchase of drugs by DEA Special Agent Lucas acting as an undercover agent, the Webb controlled buy was proper.

(b) Drafting Of The DEA-6 Report Of The Webb Drug Transaction

Plaintiff Webb seeks to inquire from Defendant Cross his role in the drafting of the DEA-6 report of the Webb drug transaction. However, the DEA-6 report itself, a copy of which

has been provided to Plaintiff Webb, clearly reflects that DEA Special Agent Lee Lucas, not Defendant Cross, drafted the report. (Exhibit 2).

        (c)       Purportedly Altered Digital Recording

Plaintiff Webb seeks to inquire from Defendant Cross his role in the production of the purportedly altered digital recording of the Webb drug transaction. However, as Defendant Cross' November 5, 2008 Declaration in support of his qualified immunity motion states, Defendant Cross did not produce the purportedly altered digital recording of the Webb drug transaction. Rather Defendant Cross was given a CD copy of the purportedly altered digital recording by Detective Metcalf who made the CD at the Richland County Sheriff's Office on equipment owned by the Richland County Sheriff's Office.

        (d)       Defendant Cross' Knowledge As To The Unreliability Of Jerrell Bray

Plaintiff Webb seeks to depose Defendant Cross as to his knowledge of the unreliability of Jerrell Bray. However, this matter was fully explored during Defendant Cross' testimony at the Lucas trial. In this regard, the following colloquy took place during Cross' testimony:

    Q.    Sir, during your involvement in the Mansfield cases in 2005, did you ever become aware that Mr. Bray was involved in the fabrication of evidence?

    A.    No.

    Q.    If I use the word "stand-in," do you know what I'm talking about?

    A.    Yes.

    Q.    All right. Were you aware that Mr. Bray was using stand-ins?

    A.    No.

    Q.    Were you aware that he was staging phone calls?

  A. No.

  Q. Claiming that he was making calls to one person when, in fact, he was making calls to somebody else?

  A. No.

  Q. Did you become aware that he was using his own drugs in deals?

  A. No.

Exhibit 3).

Quite clearly, Defendant Cross had no knowledge during the Mansfield criminal drug investigations and prosecutions that Jerrell Bray was an unreliable informant.

  (5) Toll Records Concerning The October 13, 2005 Telephone Call

Plaintiff Webb seeks to depose Defendant Cross with respect to his review of the toll records of the October 13, 2005 telephone call from Jerrell Bray to the individual Jerrell Bray identified as Joshawa Webb. However, Defendant Cross was examined on the topic of toll records at the Lucas criminal trial.

Defendant Cross testified that while he did compare the telephone numbers of several Mansfield criminal targets listed in the DEA-6 reports with toll records, he did not recall the specific criminal targets for whom he made the comparison. Moreover, Defendant Cross testified that he was unaware that there were any telephone numbers listed for criminal targets in the DEA-6 reports that were different than the telephone numbers listed in the toll records. (Exhibit 4).

Because the matter of Defendant Cross' knowledge and comparison of toll records was fully explored at the Lucas criminal trial, Plaintiff Webb should not be permitted to depose him

9

on the matter at this time.

E.      Conclusion

For the foregoing reasons, Plaintiff Webb's request for deposition discovery from Defendant Cross should be denied in its entirely.  Instead, Plaintiff Webb should be permitted to propound a limited number of interrogatories addressed solely to the Webb drug transaction.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/Gerald F. Kaminski
GERALD F. KAMINSKI (0012532)
JAN M. HOLTZMAN (0017949)
Assistant U.S. Attorneys
221 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax:  (513) 684-6972
Gerald.Kaminski@usdoj.gov
Jan.Holtzman@usdoj.gov
Co-Counsel for Defendant
DEA Special Agent Robert Cross


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on December 20, 2011 and was served electronically on all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/Gerald F. Kaminski
GERALD F. KAMINSKI (0012532)
Assistant U.S. Attorney