IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSHAWA WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-CV-3290 |
| | ) | |
| v. | ) | |
| | ) | JUDGE BOYKO |
| LEE LUCAS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**CERTIFICATION OF GOOD FAITH EFFORTS
TO RESOLVE DISCOVERY DISPUTE WITH DEFENDANTS**

In accordance with Local Rule 37.1 on Discovery Disputes, I, Aaron Mandel, counsel for Plaintiff, JOSHAWA WEBB, certify as follows:

1. Plaintiff, Joshawa Webb, brings this suit to remedy his wrongful prosecution and imprisonment for a crime that he did not commit. Plaintiff's injuries, which include being imprisoned for almost two years as an innocent man, were allegedly caused by Defendants, who supervised and worked in conjunction with informant Jerrell Bray in a notoriously flawed drug investigation in Mansfield, Ohio. As a result of Bray's admission that he fabricated evidence and used stand-ins for the investigation targets during police-controlled drug sales, all the charges brought as a result of the investigation have been dismissed. Bray is now serving time for his part in helping Defendants frame Plaintiff.

2. The Court has ruled that Plaintiff is entitled to discovery on the issue of qualified immunity with respect to Defendants Metcalf, Mayer, Cross, United States, and Lucas. *See* Opinion and Order granting in part and denying in part Plaintiff's Motions for Relief, March 30, 2011, Dkt. # 151; Memorandum Opinion and Order on Defendant Lucas's Motion for Summary Judgment and Supplemental Motion to Dismiss Complaint, Dec. 9, 2011, Dkt. # 156.

1

3. On March 13, 2012, after considering Plaintiff's list of requested discovery, Dkt. # 157, and the Defendants' objections to the same, Dkt. # 158-162, the Court ordered that discovery on the issue of qualified immunity take the form of twenty-five interrogatories directed to the Defendants' involvement in the Webb investigation. The Court further ordered that discovery be completed by May 14, 2012.  Dkt. # 164.

4. Plaintiff served discovery, and received Defendants' responses on April 20 (Cross), April 23 (Lucas and United States) and May 2 (Metcalf and Mayer). Each of these responses was deficient in various respects. Plaintiff engaged in exhaustive conference with the Defendants, detailed later in this certification, but Defendants refused to compromise, leading Plaintiff to seek the Court's assistance.

5. Plaintiff raises the following four disputes with Defendants' answers to Plaintiff's interrogatories.

6. First, a number of Defendants' responses do not provide an answer, but simply reference every document that has been produced to Plaintiff, without indicating the specific statements relied upon or even providing page numbers which would allow Plaintiff to locate the documents. *See* Ex. B, Lucas's Responses to Plaintiff's Interrogatories, Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 20, 21 and 25.[1]

7. The whole purpose of the discovery ordered by the Court is to supplement the existing record, which it recognized as incomplete. Vague allusions to a long list of unresponsive documents which Plaintiff has already reviewed will neither satisfy this purpose nor constitute proper answers to the interrogatories. Moreover, they allow Defendants to sidestep those occasions where they have themselves given contradictory versions of the facts. This type of

---

[1] The exhibits to this Certification are organized as follows: for each Defendant, Plaintiff has appended the interrogatories that were served, the responses that were received, and the correspondence that ensued, in that order.

response makes a mockery of the whole discovery procedure. This is particularly the case here, where the Court has instructed Plaintiff to rely on interrogatories alone to obtain discovery material.

8. As a result of Defendants' refusal to answer questions directly, Plaintiff is prevented from uncovering relevant evidence which he cannot find in the documents released to him. For instance, none of the documents produced refer to Plaintiff's arrest of November 9, 2005. In order to obtain information about the alleged reasons for his arrest, and thus to prove the absence of probable cause, Plaintiff requires a developed response to Interrogatory No. 10, which requests a description of every report written in connection with his investigation.

9. Plaintiff therefore requests that any reference to previously disclosed documents indicate the specific statements relied upon and the BATES numbers where they can be found. Without BATES numbers, Plaintiff finds himself unable to verify whether and which documents have been provided to him. Defendants have an obligation, when referring to records, to "[specify] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). Defendants have refused to explain their references or provide these page numbers. *See, e.g.,* Ex. D, Lucas Supplemental Responses, May 7, 2012; Ex. I, Correspondence regarding Mayer's Responses, May 9-14, 2012.

10. Secondly, many responses failed to answer specific questions about the timing, location, participation, and other details of Plaintiff's wrongful investigation. Without these particulars, discovery becomes a mere exercise in repeating generalities which shed no light on the events surrounding the investigation of Plaintiff. *See* Ex. B, Lucas Responses, Nos. 10, 18, 19; Ex. F, Metcalf Responses, Nos. 2, 3, 8, 10, 18, 19, 22, 25; Ex. H, Mayer Responses, Nos. 7, 8, 10, 18,

19, 21, 15; Ex. K, Cross Responses, Nos. 4, 5, 6, 7, 20, 21, 25. Some of these responses are so laconic that they are effectively wholly unresponsive to Plaintiff's interrogatories. For instance, Defendant Mayer was asked by Interrogatory No. 10, to provide a list of all the documents, reports and recordings produced in relation to this investigation, and note which of these were tendered to the persons in charge of prosecuting Plaintiff. Mayer's response does not address the first part of the question at all, and simply reads: "All documents and evidence that were generated were forwarded to the Crime Lab and/or the Federal Task Force Officers." Ex. H, Mayer Responses, No. 10. This response is particularly unhelpful, because without knowing which documents Mayer forwarded, Plaintiff cannot know if there are documents that should have been produced to him but were withheld.

11.     Thirdly, Plaintiff opposes the unsupported use of objections to justify a refusal to answer interrogatories. Defendant Metcalf uses a boilerplate objection formulation to raise multiple general grounds, stating that an interrogatory is confusing, vague, overbroad, improper, and irrelevant. He fails to substantiate any of these objections. Ex. F, Metcalf Responses, No. 6. Pursuant to Rule 33(b)(4), "[a]ll grounds for an objection ... shall be stated with specificity." The mere assertion by a party of a list of theoretical reasons why a discovery request might be overly broad, burdensome, or irrelevant is insufficient to justify not responding to an interrogatory.

12.     Moreover, Plaintiff's discovery requests are reasonably calculated to lead to admissible evidence.  For example, Interrogatory No. 6, to which Defendant Metcalf objects, inquires about Defendant's knowledge of conversations between Bray and Plaintiff. Ex. E, RCSO Interrogatories. This question is likely to produce relevant evidence, given that Defendants' knowledge of the relationship between Bray and Plaintiff forms an important part of their assessment of Bray's reliability as an informant who could set up a drug sale with Plaintiff. This

is particularly the case with regard to Interrogatory No. 6, given that Plaintiff asserts that his conversations with Bray (and Bray agrees) involved no criminal activity.

13. Plaintiff also disagrees with Defendant Mayer's "narrative response" objection. Ex. H, Mayer Responses, No. 22. Nothing in the Federal Rules of Civil Procedure prescribes any specific form for interrogatories and courts, including courts in this circuit, have found that narrative answers to interrogatories are not only acceptable, but in some cases required. *See, e.g. Babcock Swine, Inc. v. Shelbco, Inc.,* 126 F.R.D. 43, 45 (S.D.Ohio 1989); *Mooney v. City of Dearborn,* Case No. 08–12124, 2008 U.S. Dist. LEXIS 78670, at *5, 2008 WL 4539513, at *2 (E.D.Mich. Oct. 8, 2008) (ordering defendants to provide complete narrative answers to interrogatories). The same is true here, where the only vehicle for Plaintiff to conduct discovery is through written interrogatories.

14. Finally, Plaintiff disputes Defendants' across the board refusal to answer interrogatories on the policies and procedures of the Drug Enforcement Administration and Richland County Sheriff's Office, on the grounds that they are irrelevant to the qualified immunity determination. *See* Ex. B, Lucas Responses Nos. 11-16; Ex. F, Metcalf Responses Nos. 11-17; Ex. H, Mayer Responses Nos. 11-17; Ex. J, Cross Responses, Nos. 10-16; Ex. N, United States Responses Nos. 2-17.

15. The Defendants' understanding of the policies is relevant and discoverable. Through these interrogatories, Plaintiff seeks to understand the policies in place during the drug transaction attributed to him regarding monitoring of phone calls and controlled buys, identifying suspects, recordings, and for apprising confidential informants of such policies. The requests are reasonably calculated to lead to the discovery of admissible evidence. Defendants have repeatedly asserted that Plaintiff already has possession of all the documents that were created in

the course of the investigation. Plaintiff cannot know, however, the actual universe of documents created by Defendants without knowing what documents the relevant department's policies required them to create. Stated differently, there may be documents that were never disclosed to Plaintiff, but without knowing what documents are customarily created, Plaintiff cannot discern which documents have been withheld from him – which goes to the heart of any *Brady* due process claim. Indeed, there may have been documents that Defendants created but have not disclosed – documents that contain information that might defeat probable cause. Given FRCP 26(b)'s liberal standard governing relevancy in discovery, the objection to these interrogatories is meritless.

16.     In sum, the Defendants have refused to provide responsive answers to Plaintiff's Interrogatories.  Because the parties are at an impasse, Plaintiff respectfully requests the Court's assistance in resolving these discovery disputes.  Absent Court intervention, Plaintiff will be left with no means to litigate his meritorious claims.

## Plaintiff's Compliance with L.R. 37.1

17.     On March 23, 2012, Plaintiff served twenty-five interrogatories regarding the Webb investigation upon each of the Defendants. Ex. A, Lucas Interrogatories; Ex. E, RCSO Interrogatories; Ex. J, Cross Interrogatories; Ex. I, United States Interrogatories. Plaintiff received Defendants' responses on April 20 (Cross), April 23 (Lucas and United States) and May 2 (Metcalf and Mayer).

18.     Each of these responses was deficient in varying respects. Plaintiff raised his concerns regarding the responses with each of the Defendants in writing between May 1 and May 9, 2012.

19. Only Defendant Lucas provided Plaintiff with any Supplemental Responses to his interrogatories on May 7, 2012. Ex. D, Lucas's Supplemental Responses. These supplemental responses, however, do not rectify the problems identified by Plaintiff.

20. With regard to the other Defendants, Defendant United States informed Plaintiff on May 10 that it maintained its objections and refusal to answer most of Plaintiff's interrogatories. Ex. O, Correspondence regarding United States' Responses. In a May 14 letter to Plaintiff, Defendant Mayer also indicated his position that his responses were adequate and proper. Ex. I, Correspondence regarding Mayer's Responses.

21. On May 14, 2012, Debra Loevy-Reyes, counsel for Plaintiff, conferred by telephone with counsel for all of the Defendants except Defendant Cross. Counsel for Defendant Cross, Gerald Kaminski, is currently out of the country. Undersigned counsel agreed to postpone their discussion of discovery issues in this case until Mr. Kaminski's return later this week.

22. After discussing their respective positions, all counsel present at the telephone conference agreed that they would not be able to resolve their dispute regarding the interrogatory responses without the Court's assistance.

23. Counsel for Plaintiff and Defendants have communicated by letter and email and conferred in an attempt to resolve the above-described disputes over the insufficiency of Defendants' responses to Plaintiff's interrogatories. Despite these good faith efforts, they have been unable to resolve their disagreement. Pursuant to Local Rule 37.1, undersigned attorney now turns to the Court to inform it of these efforts and respectfully request its assistance.

                                                RESPECTFULLY SUBMITTED,

/s/ Aaron Mandel
Attorney for Plaintiff

Aaron Mandel
Debra Loevy-Reyes
Jon Loevy
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

      I, Aaron Mandel, an attorney, certify that on May 14, 2012, I delivered a copy of the attached CERTIFICATE OF GOOD FAITH EFFORTS TO RESOLVE DISCOVERY DISPUTE WITH DEFENDANTS to counsel of record in this matter via the ECF system.

                                             /s/ Aaron Mandel
                                             Attorney for Plaintiff

Aaron Mandel
Debra Loevy-Reyes
Jon Loevy
LOEVY & LOEVY
312 North May Street, Suite 100
Chicago, IL 60607
(312) 243-5900

9