UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSHAWA WEBB, ET AL.,** | ) | CASE NO.1:07CV3290 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **LEE LUCAS, ET AL.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion for Relief from Summary Judgment Rulings (ECF #197). For the following reasons, the Court denies Plaintiffs' Motion.

Plaintiffs contend Defendants withheld evidence and misrepresented to the Court the extent of their discovery disclosures warranting relief from summary judgment. This discovery was recently provided in the form of a CD-Rom containing thousands of documents not previously produced. This CD was produced in a similar case arising from the Mansfield investigations, involving many of the same law enforcement personnel named as defendants in this case. According to Plaintiffs, this discovery supports their allegations that Defendants continued to rely on an informant they knew to be dishonest and unreliable. Plaintiffs further

contend the newly produced evidence demonstrates the Defendants themselves falsified evidence and testimony in cases arising from the Mansfield investigations.

 "Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice." *Boler Co. v. Watson & Chalin Mfg. Inc*., 372 F. Supp. 2d 1013, 1024-25 (N.D. Ohio 2004), quoting *General Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F. 3d 434, 445 (6th Cir. 1999) (Clay, J. dissenting), *cert.denied*, 528 U.S. 1137 (2000).

In the instant Motion, Plaintiffs have not pointed to any change in controlling law, previously unavailable evidence, or any clear error.  Rule 59 is not intended to give a disgruntled litigant the opportunity to re-argue his case or to re-litigate previously decided matters.  See *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F. 3d 367, 374 (6th Cir. 1998).   Here, none of the cases cited by Plaintiffs mandate a reversal of the Court's holding that Defendants acted reasonably and that probable cause existed to arrest and prosecute Webb.

Furthermore, while the evidence described by Plaintiffs as recently produced is a new form of evidence, the allegations they support were all previously revealed in testimony or via information provided in the underlying Lee Lucas criminal proceedings and have been addressed in the Court's dispositive motion rulings.  Thus, it is not "new" evidence warranting a departure from the Court's prior ruling.  Furthermore, the alleged new evidence describes conduct of officers and agents in other proceedings; none of the newly produced evidence is sufficient to warrant reversal based on the Court's rulings on summary judgment.

They do not undercut the evidence considered by the Court.

Lastly, Plaintiffs contend the Court improperly addressed the merits of the action - i.e. finding there was probable cause to prosecute and arrest Plaintiff - on qualified immunity. However, the Sixth Circuit has held, "where qualified immunity is asserted, the issue of probable cause is one for the court, since the entitlement is immunity from suit rather than a mere defense to liability."  *Vakilian v. Shaw,* 335 F.3d 509, 517 (6th Cir. 2003).

Therefore, the Court denies Plaintiffs' Motion for Relief from Summary Judgment.

IT IS SO ORDERED.

                                           s/ Christopher A. Boyko
                                           CHRISTOPHER A. BOYKO
                                           United States District Judge

Dated:  March 18, 2014