UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOSHAWA WEBB, ET AL.,** | ) | CASE NO.1:07CV3290 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **LEE LUCAS, ET AL.,** | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Remaining Claims Against Richland County, Larry Faith, Matt Mayer and Dan George (ECF # 193). For the following reasons, the Court grants Defendants' Motion and dismisses Plaintiff's remaining state law claims.

The Court previously determined that the above Defendants were entitled to qualified immunity on Plaintiff's 42 U.S.C. §1983 claims. The Court determined that the officers acted reasonably since there was probable cause to support an arrest and prosecution of Webb. The Court further dismissed Plaintiffs' state law claims for malicious prosecution and Intentional Infliction of Emotional Distress since they were dependent on a lack of probable cause. Having granted qualified immunity to the individual Defendants and having found proximate

cause, the Court dismissed those claims and issued a show cause order why Plaintiffs' remaining state law claims should not be dismissed. The Court issued the show cause order because Plaintiffs' First Amended Complaint did not delineate separate claims but plead all claims under one caption. The parties have briefed the issue and it is now before the Court and appears that the only claim remaining is Plaintiff's claim for false arrest under Ohio law.

To prevail on a claim for false arrest under Ohio law the plaintiff must demonstrate: "(1) the intentional detention of the person and (2) the unlawfulness of the detention." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 315 (6th Cir. 2005) quoting *Hodges v. Meijer, Inc.,* 129 Ohio App.3d 318, 717 N.E.2d 806, 809 (1998). "Thus, an arrest based on probable cause is a lawful detention and, thereby, serves to defeat a false arrest/imprisonment claim." *Radvansky* at 315.

The Court holds Plaintiffs cannot maintain their state law claims for the same reasons Webb could not maintain his §1983 claims because the Defendants' actions were reasonable since there was probable cause to arrest and prosecute Plaintiff. Since probable cause is a defense to false arrest under Ohio law, this claim fails as a matter of law.

Therefore, for these same reasons, Plaintiffs' state law claims fail as a matter of law as well and are dismissed with prejudice. Judgment is granted for Defendants and against Plaintiffs on all Plaintiffs' remaining claims in the above captioned case.

IT IS SO ORDERED.

    s/ Christopher A. Boyko
    CHRISTOPHER A. BOYKO
    United States District Judge

Dated:  March 18, 2014